## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Civil Action No.  21 CV**

**DONALD M. WAGNER**

**Plaintiff,**

**v.**

**II-VI OPTICAL SYSTEMS, INC.**

**Defendant.**

## COMPLAINT AND JURY DEMAND

Plaintiff Donald M. Wagner ("Wagner"), for his Complaint, states as follows:

### I.    JURISDICTION AND VENUE

1.    This action is authorized and the jurisdiction of this Court is invoked pursuant to 42 U.S.C. §2000e-5(f).

2.    Venue is proper in this Court as the unlawful employment practices alleged herein were committed within the jurisdiction of the United States District Court for the District of Colorado.

### II.   PARTIES

3.    Wagner is a white, male citizen of the United States and a resident of, and domiciled in, the State of Colorado.

4.    Defendant II-VI Optical Systems, Inc. ("II-VI") is a California corporation, authorized to conduct business within the state of Colorado.

5.    II-VI's principal place of business within the state of Colorado is located at 2410 Trade Centre Ave., Longmont, CO.

1

6. II-VI currently employs more than 20 employees.

### III.   ADMINISTRATIVE PROCEDURES

7. Within 300 days of the occurrence of the acts complained of below, Wagner filed a Charge of Discrimination with the Colorado Civil Rights Division and the Equal Employment Opportunity Commission claiming that he was discriminated against on the basis of sex and in retaliation for engaging in a protected activity.

8. On or about August 25, 2021, Wagner received a Notice of Right to Sue from the EEOC.

### IV.   FACTUAL ALLEGATIONS

9. On or about April 13, 2019, Wagner began employment with Redstone Aerospace Corporation.

10. On or about July 1, 2019, Redstone merged with II-VI, which was the surviving corporation.

11. Wagner performed his job duties in a satisfactory manner throughout his employment and advanced to the position of Principal Program Manager.

12. In or around August 2020, Marilyn Middleton, an African-American female, became Wagner's supervisor and manager of the Longmont location.

13. On June 3, 2020, Middleton falsely accused Wagner of racism against African-American women.

14. On June 4, 2020, Wagner filed a Complaint with II-VI's Human Resources Department requesting that there be an investigation into the alleged claims made against him and alleged that he had been the subject of discrimination by Middleton on the basis of his race and sex.

15. On October 8, 2020, having not received any response from Human Resources regarding his complaint of discrimination by Middleton, Wagner contacted Human Resources.

2

16. On October 22, 2020 and was told, by and through Donald Jenkins, that no complaint of racism had been filed against him.

17. Human Resources never investigated Wagner's complaints of discrimination against Middleton.

18. On January 28, 2021, Middleton sought to retaliate against Wagner for his complaints against her by concocting a Performance Improvement Plan that did not actually state any areas of improvement necessary, but rather list a number of unsubstantiated claims against Wagner. At no time was an actual plan to improve performance provided or expectations for future performance.

19. Wagner responded to each of these accusations with no response from Middleton.

20. Instead, Middleton continued to make unsubstantiated claims every two weeks against Wagner, to which he responded each time.

21. As a result of his requests that HR conduct an actual investigation against Wagner, he filed a formal complaint with HR asserting that he was being discriminated against on the basis of his sex, and age, alleging that Middleton was creating a hostile work environment.

22. Although Wagner was contacted by three attorneys from an outside law firm in reference to his complaint and told that an investigation would be undertaken and the statement Wagner provided at the time was gratefully received as the attorneys conveyed that the company did not condone discrimination and would seriously act to eliminate any harassment in the workplace.

23. Although all three attorneys promised Wagner a thorough investigation of Middleton to include verifying accounts from others working for Middleton, no investigation was actually undertaken and no one at the Longmont location was interviewed.

24. Wagner was never provided with the results of any such investigation.

25. On May 10, 2021, Wagner was wrongfully terminated by II-VI based upon the unsubstantiated PIP given to Wagner by Middleton.

## FIRST CAUSE OF ACTION
## SEXUAL DISCRIMINATION

3

26.     Wagner incorporates by reference his factual allegations.

27.     Plaintiff Wagner, as a male, is a member of a protected class.

28.     During the term of his employment, Wagner was performing his job duties in a satisfactory manner.

29.     Wagner was subjected to sexual discrimination, by his supervisor, which was not acted upon by the Defendant.

30.     Wagner was treated differently than similarly situated female employees.

31.     Defendant engaged in unlawful employment practices in violation of 42 U.S.C. § 2000e-2(a)(1).

32.     Defendant's actions in treating Wagner differently than similarly situated females, was in violation of 42 U.S.C. § 2000e.

33.     The effect of the practices complained of was to deprive Wagner of equal employment opportunities and to otherwise adversely affect his status as an employee, based upon his sex.

34.     The unlawful employment practices complained of above were the intentional acts of Defendant and Defendant's managers as Defendant had actual knowledge of the discrimination and harassment due to Plaintiff's complaints.

35.     Defendant took no remedial action to stop the discrimination and disparate treatment and thereby, allowed a hostile, intimidating and offensive work environment to persist.

36.     As a direct and proximate result of Defendant's discrimination, Plaintiff has suffered past and future wage loss, emotional distress, inconvenience, mental anguish and other non-pecuniary losses.

## SECOND CAUSE OF ACTION
## RETALIATION

37.    Wagner incorporates by reference his prior factual allegations and causes of action.

38.    Plaintiff engaged in a protected activity when he complained of sexual harassment and discrimination to Defendant.

39.    As a result of his complaints, Defendant retaliated against Wagner by engaging in the unlawful employment practices described above in violation of 42 U.S.C. § 2000-e2(a)(1).

40.    The effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee based upon his prior complaints.

41.    The unlawful employment practices complained of above were the intentional acts of Defendant and occurred with the direct knowledge of retaliation by Defendant.

42.    Defendant took no remedial action to stop the retaliation which created an intimidating, hostile and offensive work environment and, ultimately led to Plaintiff's unlawful discharge.

43.    As a direct and proximate result of Defendant's retaliation against Plaintiff, he has and will continue to incur past and future wage loss, emotional distress, inconvenience, embarrassment, mental anguish and other nonpecuniary losses.

**WHEREFORE,** Plaintiff Donald Wagner respectfully requests that this Court enter judgment in his favor and against the Defendant II-VI Optical Systems, Inc., and award him all relief as allowed by law, including but not limited to, the following:

a.    Actual economic damages as established at trial;

5

b.    Compensatory damages including, but not limited to, those for future

pecuniary losses, emotional distress, suffering, inconvenience, mental

anguish, loss of enjoyment of life, and other non-pecuniary losses;

c.    Punitive damages for all claims allowed by law in an amount to be

determined at trial;

d.    Pre-judgment and post-judgment interest at the legal rate;

e.    Attorney's fees and costs; and

f.    Such further relief as justice requires.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

**DATED** this 22nd day of October 2021.

**SCOTT F. REESE, P.C.**

**S/ Scott F. Reese**
Scott F. Reese
795 W. Birch Ct., Suite 100
Louisville, CO 80027
(303) 665-4448
**Attorneys for Plaintiff**

Plaintiff's Address:
10933 W 67th Pl
Arvada CO 80004

6